# Exhibit 4: <u>Zhang v. HPIL Holding, Inc.</u>, File No. 20-06979-CB-C, Final Report and Account Pursuant to MCR 2.622 (D) (7), filed May 17, 2021

COPY

STATE OF MICHIGAN
In The
Forty-Second Judicial Circuit Court

HAINING ZHANG,  )
 )  17
Plaintiff,  )
 )
vs.  )  CASE NO: 20-6979-CB-C
 )
HPIL HOLDING,  )
a Corporation,  )  HON. STEPHEN P. CARRAS
 )
Defendant.  )

FILED
TIME _____
MAY 17 2021
ANN MANARY
COUNTY CLERK
MIDLAND, MICHIGAN

A TRUE COPY

*Ann Manary*

ANN MANARY
MIDLAND COUNTY CLERK &
CLERK OF THE 42nd CIRCUIT COURT

**Final Report and Account Pursuant to MCR 2.622(D)(7)**

I, Angela Collette, am the Receiver of HPIL Holding (hereafter referred to as "HPIL") pursuant to Judge Carras' Order dated September 11, 2020 ("the Order").

In fulfilling my duties as Receiver, I have taken the following actions:

1. I served a copy of the Order to all interested parties.

2. As authorized in Paragraph 8(K) of the Order, I filed a notice in legal publications in both *Midland Daily News* and *APG Media of the Rockies* (proofs of publication are attached). The notice requested anyone who had a claim against HPIL to contact me by a bar date of November 30, 2020. Only one alleged creditor contacted me by the bar date.

Louis Bertoli, a former officer and director of HPIL, contacted me on November 30, 2020 and notified me of his claim of $26,135 against HPIL. I sent him a Proof of Claim Form whereby I requested proof of his claim against the company. His claim is based on advances he made to HPIL while acting as an officer, most of which were to cover corporate expenses, in 2016. No contract was attached to indicate that Mr. Bertoli was to be reimbursed by HPIL. Strictly for

purposes of settlement, I offered to issue stock to Mr. Bertoli. He declined. I believe his claim has no merit and/or is now barred by the Statute of Limitations, Statute of Frauds, laches and unclean hands.

3. In addition, I reviewed the public filings with the Securities & Exchange Commission to determine whether or not HPIL had any other creditors. The most recent available information reveals that although several promissory notes were issued by HPIL, all of them were due in 2018 and there is no further information. I have found no evidence that any lawsuits were filed to collect on those claims and it is my opinion that the debts were either paid and/or the possibility to legally collect on the notes may have fully lapsed. None of the reported noteholders contacted me.

5. HPIL is now in good standing in Colorado and is current in all state filings.

6. I contacted the Transfer Agent for HPIL, Olde Monmouth, and obtained a shareholder list. The account HPIL has with Olde Monmouth is now current and fully paid.

7. Upon reviewing public filings, I conclude that HPIL has no tangible assets, no real property and no intellectual property.

8. I located a competent management team and appointed Stephen Brown to act as president of HPIL based on his reputation and experience.

9. I therefore ask this Honorable Court:

    a. To disallow any claim against HPIL Holding that arose before the bar date set pursuant to the Order signed by Your Honor; and,

    b. To accept my resignation as Receiver because a suitable board has been appointed and HPIL has now been fully rehabilitated.

Respectfully submitted under penalty of perjury that the foregoing is true and correct,

Dated: May 1, 2021

*Angela Collette*
_____
Angela Collette
28325 Utica Road
Roseville, Michigan 48066
321-216-7500
atty4defense@aol.com