# Exhibit 8: <u>Roots Properties v. HPIL Holding,</u> Sarasota County, Florida Circuit Court File, 2022-CA-000580-NC

Filing # 143379465 E-Filed 02/07/2022 09:29:16 AM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR
SARASOTA COUNTY, FLORIDA

ROOTS PROPERTIES INC, a British Columbia
Company,
                Plaintiff,                      GENERAL JURISDICTION
v.                                          CASE NO.:

HPIL HOLDINGS INC, a Wyoming corporation
formerly known as CYBERNETIC
TECHNOLOGIES LTD,
                Defendant.
_____/

## COMPLAINT ON CONVERTIBLE DEBT

PLAINTIFF, ROOTS PROPERTIES INC, hereby sues Defendant, HPIL HOLDINGS INC,
and alleges the following as grounds:

1. This is an action seeking damages in excess of $30,000.00, exclusive of attorney's fees
   and costs.

2. Venue is proper in this court under 15 USC §77c (a)(10) and Section 3(a)(10) of the
   Securities Act of 1933.

3. PLAINTIFF is a corporation formed and existing under the laws of the State of British
   Columbia, Canada.

4. DEFENDANT is a corporation formed and existing under the laws of the State of
   Wyoming.

5. Between May of 2021 and the present date, through various agreements and
   arrangements, PLAINTIFF purchased and was assigned debt obligations owed by
   DEFENDANT.

6. All of the debts remain due and owing and the current value of the debts owed is
   approximately $400,000 and DEFENDANT has acknowledged the same in a Bridge
   Loan Agreement. See Exhibit A.

7. As the Bridge Loan Agreement contains the sum and substance of DEFENDANT's
   various debts which collectively amount to the full value owed to PLAINTIFF, the
   Bridge Loan Agreement independently reflects the debt obligations owed and due to
   PLAINTIFF.

8. PLAINTIFF now sues to enforce the terms of the Bridge Loan Agreement, which calls for the sum of the debts to be converted into shares of DEFENDANT which shall be owned by PLAINTIFF.

9. PLAINTIFF is obligated to pay its attorney a reasonable fee for legal services related to this suit.

WHEREFORE PLAINTIFF hereby demands judgment for damages against DEFENDANT and enforcement of the convertible debt along with attorney's fees and costs as well as other such relief as this Honorable Court deems appropriate.

DATED this 5th day of February, 2022.

Respectfully submitted,
*Attorneys for the Plaintiff*
THE ARTHUR FIRM, P.L.
4770 Biscayne Blvd, Suite 1250
Miami, FL 33137
O: (305) 330-6696; F: (305) 397-0315
thearthurfirm@gmail.com

_____
Arthur J. Jones, Esq.
FBN 0709247

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR
SARASOTA COUNTY, FLORIDA

ROOTS PROPERTIES INC, a British Columbia
Company,

          Plaintiff,                            GENERAL JURISDICTION

v.                                         CASE NO.:

CYBERNETIC TECHNOLOGIES LTD, a
Wyoming corporation also known as
HPIL Holdings,

          Defendant.

_____/


**<u>EXHIBIT A</u>**


BRIDGE LOAN AGREEMENT

## BRIDGE LOAN AGREEMENT

THIS PARTIAL RELEASE AGREEMENT (this "Agreement") dated this 31st day of January 2022 BETWEEN:

### ROOTS PROPERTIES INC.

(A Company Incorporated in British Columbia Canada)

(the "Lender")

AND:

### CRANK MEDIA INC, HPIL HOLDING AND STEPHEN BROWN

(of British Columbia Canada)

(the "Borrowers")

### BACKGROUND

A. Roots Properties Inc. (also referred to herein as the "Lender") has loaned monies (the "Loan") as referenced in previous written agreements between the parties where the Borrower promised to repay this principal amount to the Lender, with interest payable on the unpaid principal at the rate of Fifteen (15%) percent per annum, calculated yearly not in advance, beginning on June 9th, 2021.

B. The Borrowers are in default of the Loan.

**IN CONSIDERATION OF** the Roots Properties Inc. loaning monies to Crank Media Inc, HPIL Holding and Stephen Brown and as a condition of the parties entering into this agreement and other valuable consideration, the receipt and sufficiency of which, the receipt of which consideration is acknowledged the parties to this agreement agree as follows:

# 1. BRIDGE LOAN

1.1.    The Borrows jointly and severally agree to sign an irrevocable direction to pay the Lender USD $200,000 as a bridge loan to the Loan from Roots Properties Inc.,  from funds HPIL Holding is to receive from Auctus Funds or its assigns or successors, which is or will be held in trust with a lawyer in West Palm Beach, Florida, and will be released from the said lawyer in West Palm Beach, Florida's trust account to the Lender as soon as HPIL Holdings Inc. is compliant with its regulatory requirements to the satisfaction of the West Palm Beach lawyer holding the Auctus Funds.

1.2.    HPIL Holding will sign a Consent to Judgment Order for 2.8 billion shares to be transferred to Roots Properties Inc. in the action filed in the Supreme Court of British Columbia, Vancouver Registry No. S-2110873 ("Action No. S-2110873").

1.3.    A necessary consent agreement ("Florida Undertaking") will filed HPIL Holdings Inc. who will cooperate as necessary to have the necessary documentation completed to the satisfaction of the relevant State of Florida jurisdictional Court to secure 2.8  million medallion guaranteed  HPIL Holding shares issued as follows:

    1.3.1.    1.4 million medallion guaranteed HPIL Holding shares issued each to Zombie Productions Ltd.; and

    1.3.2.    1.4 million medallion guaranteed  HPIL Holding shares issued each to the Lender.

1.4.    Crank Media Inc. and Stephen Brown will immediately return the Shares Certificates they hold and issued to the Lender by Crank Media Inc.

1.5.    On the Lender having physical possession of the Crank Media Inc. share certificates held by the Lender and the Florida Undertaking being made an order of court in the State of Florida, only then the will Lender file Notice of Discontinuance in in the action filed in the Supreme Court of British Columbia, Vancouver Registry No. Action S-220186 ("Action No. 220186").

1.6.    HPIL Holding will sign a share reservation for the Lender for an additional $20,000 convertible note dated.

2. Default

Notwithstanding anything to the contrary in this Agreement, if the Borrower defaults in the performance of any obligation under this Agreement, then the Lender may declare the principal amount owing and interest due under this and any previous Agreement at that time to be immediately due and payable.

3. Governing Law

This Agreement will be construed in accordance with and governed by the laws of the province of British Columbia, Canada and the parties attorn to the jurisdiction of the Courts of British Columbia, Canada.

5. Costs

All costs, expenses and expenditures including, without limitation, the complete legal costs incurred by enforcing this Agreement as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.

6. Amendments

This Agreement may only be amended or modified by a written instrument executed by both the Borrower and the Lender.

7. Severability

The clauses and paragraphs contained in this Agreement are intended to be read and construed independently of each other. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

8. General Provisions

Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and *vice versa*.

9. Entire Agreement

This Agreement constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise, save for previous written agreements entered between the parties evidencing the Loan or purchase of shares by the Lender.

SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, the parties have duly affixed their signatures on this 31st day of January 2022.

**ROOTS PROPERTIES INC**. (the "Lender")

By:

KIRK SHAW

**CRANK MEDIA INC. AND STEPHEN BROWN**

By:

STEPHEN BROWN

**HPIL HOLDING**

By:

STEPHEN BROWN (authorized signatory)