# Exhibit 19: Petition for the Appointment of a Custodian,  In the Matter of HPIL Holding, Clark County File No. A-23-869957-P

Electronically Filed
5/1/2023 10:29 PM
Steven D. Grierson
CLERK OF THE COURT

**PET**
Harry Haining Zhang
701 Ann Street, #564
Stroudsburg, PA 18360
917-723-0338
Email: hzmails@yahoo.com

CASE NO: A-23-869957-P
Department 14

## DISTRICT COURT
## CLARK COUNTY, NEVADA

In the Matter of HPIL Holding,       )
a Nevada Corporation                 ) Case No.:
                                     ) Dept. No.:
                                     )
                                     )**PETITION FOR**
                                     ) **APPOINTMENT OF CUSTODIAN**
                                     )**PURSUANT TO NRS. 78.347**
                                     )
                                     )  **EXEMPT FOR ARBITRATION**
                                     )  (**Equitable Relief Requested**)
-------------------------------------------------

Pursuant to NRS. 78.347, Petitioner Harry Haining Zhang hereby applies to this Court for Appointing Petitioner as Custodian of HPIL Holding, an insolvent Nevada Corporation.  Petitioner's Application is made and based upon the following Memorandum of Points and Authorities, the Exhibits and Affidavit attached hereto, and any oral argument this court may entertain at the hearing on this matter.

Dated: May 1, 2023

By:
Harry Haining Zhang
701 Ann Street, #564
Stroudsburg, PA 183604
917-723-0338
Email: hzmails@yahoo.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

A stockholder may apply to the Court for the appointment of a custodian of a corporation that has abandoned its business and has failed to take steps to dissolve, liquidate, or distribute its assets. NRS 78.347(1)(b). HPIL Holding ("HPIL") is a Nevada corporation that has so abandoned its business.

Harry Haining Zhang ("Petitioner") now moves, as a stockholder of HPIL, for appointment of Petitioner as the custodian of HPIL in order to continue the business of said corporation for the benefit of the corporation and its stockholders.

**A. Applicable Law.**

Section 78.347(1)(b), effective on October 1, 2007, of the Nevada Revised Statutes provides as follows:

1. Any stockholder may apply to the district court to appoint one or more persons to be custodians of the corporation, and, if the corporation is insolvent, to be receivers of the corporation when:

    ...

    (b) The corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets in accordance with this chapter.

An applicant for custodianship must provide the following information, as outlined in NRS 78.347(2), to the district court, as well as provide an affidavit attesting that such information is true and correct:

(a) A detailed list of all previous applications to a court in any jurisdiction for a custodianship of a publicly traded corporation that were filed by the applicant or an affiliate or subsidiary of the applicant. NRS 78.347(2)(a).

(b) If an application listed in paragraph (a) was approved, a detailed description of the activities performed during the custodianship by the applicant or the affiliate or subsidiary of the applicant. NRS 78.347(2)(b).

(c) A description of the current corporate status and business operation of any publicly traded corporation for which the applicant and any affiliate or subsidiary of the applicant has held a custodianship. NRS 78.347(2)(c).

(d)   A full disclosure of any and all previous criminal, administrative, civil or National Association of Securities Dealers, Inc., or Securities and Exchange Commission investigations, violations or convictions concerning the applicant and any affiliate or subsidiary of the applicant. NRS 78.347(2)(d).

(e)   Evidence of reasonable efforts by the applicant to contact the officers and directors of the corporation for which the custodianship is sought. NRS 78.347(2)(e).

(f)   Evidence of a demand by the applicant to the officers and directors of the corporation for which the custodianship is sought that the corporation comply with the provisions of chapter 78 of NRS and that the applicant did not receive a response. NRS 78.347(2)(f).

Any applicant who is granted custodianship pursuant to Section 78 of NRS must comply with the following district court provisions:

(a)   The custodian must comply with the provisions of NRS 78.180 or 80.170, as applicable. The custodian must submit evidence of compliance with this paragraph to the district court. NRS 78.347(3)(a).

(b)   Provide reasonable notice to all shareholders of record of a shareholder meeting to be held within a reasonable time after an application for custodianship or receivership has been granted. The custodian must submit evidence of compliance with this paragraph to the district court. NRS 78.347(3)(b).

(c)   Provide the district court with a report of the actions taken at the shareholder meeting notices by the custodian. NRS 78.347(3)(c).

(d)   Provide the district court with periodic reports, at intervals to be determined by the court, of the activities of the custodian and the board of directors and the progress of the corporation. NRS 78.347(3)(d).

(e)   Provide any other information deemed necessary by the court. NRS 78.347(3)(e).

Pursuant to NRS 78.347(4), within ten (10) days after being appointed custodian by the court of a Nevada publicly traded company, the custodian must file with the Nevada Secretary of State an amendment to the company's articles of incorporation containing the following information:

(a)   Disclosures of any previous criminal, administrative, civil or National Association of Securities Dealers, Inc., or Securities and Exchange Commission

investigations, violations or convictions concerning the custodian and any affiliate of the custodian. NRS 78.347(4)(a).

(b) A statement indicating that:

(1) Reasonable attempts were made to contact the officers or directors of the corporation to request that the corporation comply with corporate formalities and to continue its business. 78.347(4)(b)(1).

(2) The custodian is in fact continuing the business and attempting to further the interests of the shareholders. 78.347(4)(b)(2).

(3)  A statement indicating that the custodian will reinstate or maintain the corporate charter. 78.347(4)(b)(3).

(c) Any other information required by regulation to be submitted to the Secretary of State. 78.347(4)(c).

**B. Petitioner's Previous and Pending Applications for Custodianship and History.**

In compliance with NRS 78.347(2), Petitioner submits the following application for custodianship, and discloses the following information along with an affidavit attesting that such information is true and correct:

1. **All Previous Applications for Custodianship Filed by Petitioner and the Application Outcome.** Wireless Data Solutions, Inc. (A-19-787033-P), reinstated and changed to SSHT S&T Group Ltd.  Stem Cell Authority LTD (A-20-817312-C); reinstated.  Dragon Capital Group Corp. (A-20-817530-P) reinstated and redomiciled to North Carolina.

2. **Previous Applications for Custodianship that were Approved with Detailed Description of Activities Performed During the Custodianship by Petitioner or its Affiliates or Subsidiaries**   None. Id.

3. **Description of the Current Corporate Status and Business Operation of Corporations for which Petitioner and any Affiliate or Subsidiary has held Custodianship**  None. Id.

4. **Criminal, Administrative, or Civil Investigations, Violations and/or Convictions** Petitioner has not been the subject of any previous criminal, administrative,  civil or National Association of Securities Dealers, Inc., or Securities and Exchange Commission investigations, violations, or convictions. Id. at para. 4.

5. **Evidence of Reasonable Efforts by Petitioner to Contact FUUN.**
Petitioner attempted to reach HPIL

via its President, Treasurer and Secretary Nitin Amersey, Director John B. Mitchell and Director John Dunlap at 2014 N. Saginaw RD, #117, Midland, MI 48640 as well as its registered agent National Registered Agents, Inc. at 701 S. Carson St Ste 200, Carson City, NV 89701 by sending each of them a letter through U.S. Certified First-Class Mail, return receipt requested, on February 16, 2023.  The letter demanded that HPIL comply with corporate formalities ("Demand Letter"). Ex. 2, Demand Letter. Ex 2.

**6.** **Evidence of a Demand by Petitioner to HPIL that said Corporation Comply with the Provisions of Chapter 78 of NRS and that the Applicant did not Receive a Response.**

Evidence supported by the Demand Letter, dated and mailed February 16, 2023, as incorporated by reference. Id.

## C. Factual Background

1. **HPIL's History of Incorporation**  HPIL Holding was incorporated on May 5, 2009 in the State of Nevada. Ex. 3, Nev. Sec. of State Corp. Details.

2. **Petitioner's Stock Ownership**  is and at all pertinent times has been a public corporation with shares issued to stockholders. Petitioner is, and has been at all times relevant hereto, a stockholder of HPIL. Ex. 4, Evidence of Ownership

3. **Last Meeting and Status**  Upon information and belief, no meeting of HPIL stockholders, or action in lieu thereof, has been held or even called since at least May 31, 2019, which was the date the company's corporate status was revoked for failure to file an annual list of officers and directors with the Nevada Secretary of State and to pay annual fees due May 31, 2019. Ex. 3, Nev. Sec. of State Corp. Details.

Due to inactivities,  HPIL's corporate status with The Nevada Secretary of State was revoked on May 31, 2019, for its failure to file an annual list of officers and directors with the Nevada Secretary of State and to pay annual fees due. Id.

## D. Request for the Appointment of Petitioner as Custodian of HPIL

Nevada law provides that a stockholder of a corporation that has abandoned its business and failed to take the steps to dissolve, liquidate or distribute its assets

may apply to the Court for the appointment of a custodian. NRS 78.347. HPIL has abandoned its business.  HPIL has allowed its corporate status to lapse and become default and has seemingly completely ceased to operate.

Because HPIL has abandoned its business, Petitioner, as an HPIL stockholder, respectfully requests that the Court appoint it as custodian of HPIL so that it may continue the business of HPIL to the benefit of both HPIL and its stockholders. See NRS 78.347 ("[T]he authority of the custodian is to continue business of the corporation and not to liquidate its affairs or distribute its assets…"). Petitioner respectfully requests that the Court issue an order as follows:

1.  That Petitioner be appointed Custodian of HPIL for the purpose of paying back fees owed by HPIL to the State of Nevada, appointing a new Board of Directors, amending and restating the articles of incorporation, and to begin a positive direction for HPIL to continue business.

2. That Petitioner, as Custodian, call an Annual Meeting of the stockholders of HPIL to be held subject to the terms and conditions hereinafter specified (the "Meeting"), for the purpose of electing, from among such persons as might be nominated to stand for election from the floor at the meeting, one or more directors of HPIL to serve until the next annual meeting of  HPIL stockholders is held and the successors of the elected directors might be elected or appointed and qualified. Petitioner has attached as Exhibit 5 a form of the Notice which it proposes (assuming approval by the Court) be utilized in connection with the stockholder meeting. Petitioner will arrange for a notice of an Annual Meeting to be mailed to all stockholders of HPIL and other persons whom the Court might determine are entitled to receive notice.

3. That the meeting be declared by the Court to be an Annual Meeting, and that Petitioner be designated by the Court in advance as Chairman to conduct the meeting and to appoint a person to make a record of the meeting.

4. That the meeting be held at a location and at a time and date to be selected by mutual agreement of applicant, which is not a weekend or a legal holiday, and which is more than ten (10) days from the date on which copies of a notice of the meeting shall be mailed in a manner that is

consistent with Nevada statutes, HPIL's bylaws, and such order(s) as the Court might make and enter.

5. That the persons and entities entitled to receive notice of the stockholders meeting are the record owners of the stock certificates and the registered officers and directors of HPIL specified in its stockholder lists and that notice shall be mailed to the addresses under their respective names on the business records.

6. That such shares of HPIL are owned by stockholders of record and are represented at the stockholder meeting in person or by a valid proxy shall constitute a quorum to conduct an election of directors of HPIL and shall otherwise be entitled to participate in the stockholder meeting and to vote in the election.

7. That Petitioner, as custodian, report back to this Court after the Meeting to inform the Court of actions taken at the Meeting.

8. In the event the Court determines that its order has been complied with in respect of such stockholder meeting and election of directors, for written order providing that the persons elected at the stockholder meeting shall be the directors of HPIL.

9. That Petitioner report back to this Court at intervals determined by the Court for so long as the custodianship is maintained or as long as this Court deems necessary.

For the Court's convenience and consideration, Petitioner attaches a Proposed Order to this effect as Exhibit 6 hereto. In the alternative, Petitioner requests an Order providing for such other particulars in respect to the stockholder meeting and election which are the subject of this application, and/or for other and further relief as the Court deems to be just.

DATED this 1st day of May, 2023.

Signed:

Harry Haining Zhang, Petitioner
701 Ann St, #564

Stroudsburg, Pa 18360
Tel: 917-723-0338
Email: hzmails@yahoo.com

# EXHIBIT   1

**AFFT**
Harry Haining Zhang
701 Ann Street, #564
Stroudsburg, PA 18360
917-723-0338
Email: hzmails@yahoo.com

# DISTRICT COURT
# CLARK COUNTY, NEVADA

In the Matter of HPIL )
Holding, a Nevada Corporation) Case No.:
) Dept No.:
)**AFFIDAVIT OF HARRY HAINING ZHANG**
)**IN SUPPORT OF THE APPLICATION FOR**
)**APPOINTMENT OF HARRY HAINING  ZHANG**
)**AS CUSTODIAN OF HPIL HOLDING**
-----------------------------------------

STATE OF PENNSYLVANIA )
) SS:
COUNTY OF MONROE )

I, HARRY HAINING ZHANG, being first duly sworn, depose and say:

1.  I make this affidavit under penalty of perjury. I have personal knowledge of the facts and circumstances set forth in this affidavit, except as where indicated otherwise, and would competently testify in a court of law.

2.  I make this affidavit in support of the PETITION FOR APPOINTMENT OF CUSTODIAN PURSUANT TO NRS 78.347(1)(b)(the "Petition").

3.  That I am the petitioner named in the Petition and that I have reviewed the Petition and know the contents thereof; that the information provided in Petition that NRS 78.347(2) requires is true and correct of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true and correct.

4.  That I have not been the subject of any previous criminal, administrative, civil or Financial Industry Regulatory Authority, formerly National Association of Securities Dealers, Inc., , or Securities and Exchange Commission investigations, violations, or convictions.

5.   It is my belief that HIPL Holding ("HPIL") has abandoned its business. Therefore, as a shareholder of HPIL, I respectfully request the Court appoint me as the Custodian of HPIL, so that it may continue the business of the corporation to the benefit of both the corporation and its stockholders and that the Court issue an order to that effect as detailed ore specifically in the Application.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this   1st day of May, 2023,

Signed:   Harry Haining Zhang

Sworn to and subscribed before me

this 01st day of May, 20 23

Commonwealth of Pennsylvania
County of    Monroe

Commonwealth of Pennsylvania - Notary Seal
Landy E. Tavarez, Notary Public
Monroe County
My commission expires November 28, 2026
Commission number 1341855
Member, Pennsylvania Association of Notaries

EXHIBIT   2

Via first-class U.S. Mail & certified U.S. Mail, return receipt requested:

Harry Haining Zhang
701 Ann St, #564
Stroudsburg, Pa 18360
Tel: 917-723-0338;  Email: hzmails@yahoo.com


February 14, 2023


HPIL Holding
c/o National Registered Agents, Inc.
701 S. Carson St, Ste200
Carson City, NV 89701


Attn: Officers and Board of Directors of HPIL Holding
Re: Demand for Corporate Compliance with NRS 78

Dear Officers and Board HPIL Holding:

I am a shareholder of HPIL Holding (the "Corporation'' or "HPIL"). The corporate charter of the Corporation is revoked with the Nevada Secretary of State. Pursuant to NRS 78.347(1)(f), I hereby demand that the officer(s) and director(s) of the Corporation cause the Corporation to comply with the provisions of NRS 78. The Corporation has ten (10) calendar days to comply with this demand, and if the Corporation fails to do so I will seek to have a custodian appointed over the Corporation.


Regards,


Harry Haining Zhang



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Carson City NV 00100

| | |
|---|---|
| Postage | $ |
| Certified Fee | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $0.65 |
| Total Postage & Fees | $ $8.13 |

Postmark Here

02/16/2023

Sent To: HPZL Holding c/o National Registered Agent
Street, Apt. No.; or PO Box No. 701 S Carson St Ste 200
City, State, ZIP+4 Carson City, NV 89701

PS Form 3800, June 2002     See Reverse for Instructions

7005 1460 0000 1607 7928

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HPZL Holding
C/o. National Registered Agent
701 S. Carson St. Ste 200
Carson City, NV 89701

9590 9402 7283 2028 8482 28

7005 1160 0002 1607 7928

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

RECEIVED
MAR 06 2023
BY:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

Via first-class U.S. Mail & certified U.S. Mail, return receipt requested:

Harry Haining Zhang
701 Ann St, #564
Stroudsburg, Pa 18360
Tel: 917-723-0338;  Email: hzmails@yahoo.com

February 14, 2023

John B. Mitchell, Director
HPIL Holding
2014 N. Saginaw RD, #117
Midland, MI 48640

Attn: Officers and Board of Directors of HPIL Holding
Re: Demand for Corporate Compliance with NRS 78

Dear Officers and Board HPIL Holding:

I am a shareholder of HPIL Holding (the "Corporation'' or "HPIL"). The corporate charter of
the Corporation is revoked with the Nevada Secretary of State. Pursuant to NRS
78.347(1)(f), I hereby demand that the officer(s) and director(s) of the Corporation cause
the Corporation to comply with the provisions of NRS 78. The Corporation has ten (10)
calendar days to comply with this demand, and if the Corporation fails to do so I will seek
to have a custodian appointed over the Corporation.

Regards,

Harry Haining Zhang



**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

Midland MI 48640 OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here   FEB 16 2023   02/16/2023

Sent To  John B. Mitchell   HPZL Holding
Street, Apt. No. or PO Box No.  2014 N. Saginaw RD #117
City, State, ZIP+4  Midland, MI 48640

PS Form 3800, June 2002   See Reverse for Instructions

7005 1160 0002 1607 7935

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John B. Mitchell
HPZL Holding
2014 N. Saginaw RD #117
Midland, MI 48640

9590 9402 7283 2028 8482 35

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Darell   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
2/21/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7005 1160 0002 1607 7935

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

Via first-class U.S. Mail & certified U.S. Mail, return receipt requested:

Harry Haining Zhang
701 Ann St, #564
Stroudsburg, Pa 18360
Tel: 917-723-0338;  Email: hzmails@yahoo.com


February 14, 2023

John Dunlap, Director
HPIL Holding
2014 N. Saginaw RD, #117
Midland, MI 48640


Attn: Officers and Board of Directors of HPIL Holding
Re: Demand for Corporate Compliance with NRS 78

Dear Officers and Board HPIL Holding:

I am a shareholder of HPIL Holding (the "Corporation'' or "HPIL"). The corporate charter of the Corporation is revoked with the Nevada Secretary of State. Pursuant to NRS 78.347(1)(f), I hereby demand that the officer(s) and director(s) of the Corporation cause the Corporation to comply with the provisions of NRS 78. The Corporation has ten (10) calendar days to comply with this demand, and if the Corporation fails to do so I will seek to have a custodian appointed over the Corporation.


Regards,


Harry Haining Zhang

**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Midland, MI 48640

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $3.74 |
| Certified Fee | | $0.00 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| | $0.63 | |
| Total Postage & Fees | $ | $8.13 |

0360
12

FEB 16 2023

Postmark
Here

USPS STORE 0363AG PAGE

02/16/2023

7005 1160 0002 1607 7911

Sent To  John Dunlap, HPIL Holding
Street, Apt. No.; or PO Box No.  2014 N. Saginaw RD #117
City, State, ZIP+4  Midland, MI 48640

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Dunlap, HPIL Holding
2014 N. Saginaw RD #117
Midland, MI 48640

9590 9402 7283 2028 8482 66

2. Article Number (Transfer from service label)
7005 1160 0002 1607 7911

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery  2/21/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

Via first-class U.S. Mail & certified U.S. Mail, return receipt requested:

Harry Haining Zhang
701 Ann St, #564
Stroudsburg, Pa 18360
Tel: 917-723-0338;  Email: hzmails@yahoo.com


February 14, 2023

Nitin Amersey, President, Treasurer, Director and Secretary
HPIL Holding
2014 N. Saginaw RD, #117, Midland, MI 48640


Attn: Officers and Board of Directors of HPIL Holding
Re: Demand for Corporate Compliance with NRS 78

Dear Officers and Board HPIL Holding:

I am a shareholder of HPIL Holding (the "Corporation'' or "HPIL"). The corporate charter of the Corporation is revoked with the Nevada Secretary of State. Pursuant to NRS 78.347(1)(f), I hereby demand that the officer(s) and director(s) of the Corporation cause the Corporation to comply with the provisions of NRS 78. The Corporation has ten (10) calendar days to comply with this demand, and if the Corporation fails to do so I will seek to have a custodian appointed over the Corporation.


Regards,


Harry Haining Zhang

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

~~OFFICIAL USE~~

| | | |
|---|---|---|
| Postage | $ | 0360 |
| Certified Fee | $0.35 | 12 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.13 | 02/16/2023 |

FEB 16 2023

Sent To _Nitin Amersey, HPZL Holding_
Street, Apt. No.; or PO Box No. _2014 N. Saginaw RD. #117_
City, State, ZIP+4 _Midland, MI 48640_

PS Form 3800, June 2002          See Reverse for Instructions

7005 1160 0002 1607 7942

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Nitin Amersey, HPZL Holding_
_2014 N. Saginaw RD. #117_
_Midland, MI 48640_

9590 9402 7283 2028 8482 59

2. Article Number (Transfer from service label)

7005 1160 0002 1607 7942

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Daniel_ ☑ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
2/21/23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT   3

**ENTITY INFORMATION**

**ENTITY INFORMATION**

**Entity Name:**

HPIL HOLDING

**Entity Number:**

E0240252009-2

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Revoked

**Formation Date:**

05/05/2009

**NV Business ID:**

NV20091402068

**Termination Date:**

Perpetual

**Annual Report Due Date:**

5/31/2019

**REGISTERED AGENT INFORMATION**

**Name of Individual or Legal Entity:**

NATIONAL REGISTERED AGENTS, INC.

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

NV20181908806

**Office or Position:**

**Jurisdiction:**

DELAWARE

**Street Address:**

701 S CARSON ST STE 200, Carson City, NV, 89701, USA

**Mailing Address:**

**Individual with Authority to Act:**

MATTHEW TAYLOR

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| President | NITIN AMERSEY | 2014 N SAGINAW RD, #117, MIDLAND, MI, 48640, USA | 02/26/2019 | Active |
| Secretary | NITIN AMERSEY | 2014 N SAGINAW RD, #117, MIDLAND, MI, 48640, USA | 02/26/2019 | Active |
| Treasurer | NITIN AMERSEY | 2014 N SAGINAW RD, #117, MIDLAND, MI, 48640, USA | 02/26/2019 | Active |
| Director | JOHN B MITCHELL | 2014 N SAGINAW RD, #117, MIDLAND, MI, 48640, USA | 02/26/2019 | Active |
| Director | JOHN DUNLAP | 2014 N SAGINAW RD, #117, MIDLAND, MI, 48640, USA | 02/26/2019 | Active |

< Previous   ...   1   2   ...   Next >   **Page 1 of 2, records 1 to 5 of 6**   [          ]   Go to Page

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 3,000,010 | 0.000100000000 |
| | Authorized | 10,699,999,990 | 0.000100000000 |

**Page 1 of 1, records 1 to 2 of 2**

Number of No Par Value Shares:

**0**

Total Authorized Capital:

**10,703,000**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

## FILING HISTORY

### ENTITY INFORMATION

**Entity Name:**

HPIL HOLDING

**Entity Number:**

E0240252009-2

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Revoked

**Formation Date:**

05/05/2009

**NV Business ID:**

NV20091402068

**Termination Date:**

Perpetual

**Annual Report Due Date:**

5/31/2019

FILING HISTORY DETAILS

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 02/26/2019 | 02/26/2019 | 20190084914-28 | Annual List | | External | 📷 |

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 08/14/2017 | 08/14/2017 | 20170349506-67 | Certificate of Designation | | Internal | 📷 |
| 08/14/2017 | 08/14/2017 | 20170349507-78 | Certificate of Designation | | Internal | 📷 |
| 08/14/2017 | 08/14/2017 | 20170349505-56 | Amendment | | Internal | 📷 |
| 05/31/2017 | 05/31/2017 | 20170238040-87 | Annual List | | External | 📷 |
| 05/20/2016 | 05/20/2016 | 20160227588-41 | Annual List | | External | 📷 |
| 04/19/2016 | 04/18/2016 | 20160174662-25 | Amendment | | Internal | 📷 |
| 06/01/2015 | 05/28/2015 | 00004637193-53 | Merge In | | Internal | 📷 |
| 05/27/2015 | 05/27/2015 | 20150236635-93 | Annual List | | External | 📷 |
| 07/25/2014 | 07/25/2014 | 20140534422-27 | Certificate of Correction | | Internal | 📷 |

**Page 1 of 1, records 1 to 10 of 10**

Back        Return to Search        Return to Results

# Exhibit 4

# TD Ameritrade

800-669-3900
TD AMERITRADE
DIVISION OF TD AMERITRADE INC
PO BOX 2209
OMAHA, NE 68103-2209
*TD Ameritrade Clearing, Inc., Member SIPC*

## Statement Reporting Period:
04/01/23 - 04/30/23

### Statement for Account # 166-220137

HAINING ZHANG
3330 PARKER LANE
EAST STROUDSBURG, PA 18301

## Portfolio Summary

| Investment | Current Value | Prior Value | Period Change | % Change | Estimated Income | Estimated Yield |
|---|---|---|---|---|---|---|
| Cash | $ - | $ - | $ - | - | $ - | - |
| Insrd Dep Acct (IDA) | 118.35 | 118.27 | 0.08 | 0.1% | - | 0.35% |
| Money Market | - | - | - | - | - | - |
| Short Balance | - | - | - | - | - | - |
| Stocks | 2,715.42 | 2,824.22 | (108.80) | (3.9)% | 0.18 | - |
| Short Stocks | - | - | - | - | - | - |
| Fixed Income | - | - | - | - | - | - |
| Options | - | - | - | - | - | - |
| Short Options | - | - | - | - | - | - |
| Mutual Funds | - | - | - | - | - | - |
| Other | - | - | - | - | - | - |
| **Total** | **$2,833.77** | **$2,942.49** | **($108.72)** | **(3.7)%** | **$0.18** | **0.0%** |
| **Margin Equity** | **90.0%** | | | | | |

### Portfolio Allocation



IDA
4.2%

Stocks
95.8%

## Income & Expense Summary

| | Current | YTD |
|---|---|---|
| **Income** | | |
| Dividends | $ - | $ - |
| Interest | - | (1,660.29) |
| Other | - | 570.46 |
| **Expense** | | |
| Interest | - | (651.33) |
| Fees | 0.05 | 0.05 |
| Other | - | - |
| **Net** | **$0.00** | **1,741.11** |

## Cash Activity Summary

| | Current | YTD |
|---|---|---|
| **Opening Balance** | $ 0.00 | $ - |
| Securities Purchased | - | - |
| Securities Sold | - | - |
| Funds Deposited | - | - |
| Funds Disbursed | - | - |
| Income | 0.05 | 0.05 |
| Expense | - | - |
| Other | (0.05) | (0.05) |
| **Closing Balance** | **$ 0.00** | **$ 0.00** |

### Income & Expense Summary

| | Reportable | Non Reportable | YTD |
|---|---|---|---|
| **Income** | | | |
| Dividends | $0.05 | $ - | $0.05 |
| Interest | - | - | - |
| Other | - | - | - |
| **Expense** | | | |
| Interest | - | - | - |
| Other | - | - | - |
| **Net** | **$0.05** | **$0.00** | **$0.05** |

## Performance Summary

| | |
|---|---|
| **Cost Basis As Of - 04/30/23 ** | **$8,327.48** |
| Unrealized Gains | 135.11 |
| Unrealized Losses | (5,747.44) |
| Funds Deposited/(Disbursed) YTD | (651.33) |
| Income/(Expense) YTD | 0.05 |
| Securities Received/(Delivered) YTD | 0.00 |

**To view realized gains and losses for your account, login at
www.tdameritrade.com and visit My Account > Cost Basis.

**Statement for Account # 166-220137**
04/01/23 - 04/30/23

## Account Positions

### Stocks - Margin

| Investment Description | Symbol/ CUSIP | Quantity | Current Price | Market Value | Purchase Date | Cost Basis | Average Cost | Unrealized Gain(Loss) | Estimated Income | Yield |
|---|---|---|---|---|---|---|---|---|---|---|
| HLK BIOTECH HOLDING GROUP INC COM | AMHD | 100 | 0.0001 | 0.01 | 11/23/20 | 9.45 | 0.09 | (9.44) | - | - |
| HOLOCO INC COM | HLCN | 100 | NA | NA | 04/01/19 | 12.95 | 0.13 | (12.95) | - | - |
| HPIL HLDG COM | HPIL | 10,000 | NA | NA | 12/27/21 | 23.95 | - | (23.95) | - | - |
| HYBRID COATING TECH INC COM | 44860A203 | 10,000 | NA | NA | 07/10/20 | 7.95 | - | (7.95) | - | - |
| HYDRO PWR TECHNOLOGIES INC COM | PYBX | 100 | 0.0149 | 1.49 | 01/20/17 | 12.99 | 0.13 | (11.50) | - | - |
| HYDROGEN FUTURE CORP COM | 44887W303 | 100 | NA | NA | 04/04/18 | 6.96 | 0.07 | (6.96) | - | - |
| HYDROGENETICS INC COM | HYGN | 4,000 | NA | NA | 04/06/18 | 7.35 | - | (7.35) | - | - |
| ID PERFUMES INC COM | IDPE | 15 | NA | NA | 08/29/18 | 16.45 | 1.10 | (16.45) | - | - |
| IDO SECURITY INC COM DELISTED | 449399203 | 5,000 | NA | NA | 04/16/18 | 8.45 | - | (8.45) | - | - |
| IL2M INTERNATIONAL CORP COM | ILIM | 10,000 | 0.0003 | 3.00 | 05/09/17 | 8.95 | - | (5.95) | - | - |
| IMPACT FUSION INTL COM | IFUS | 1,000 | 0.0154 | 15.40 | 05/12/17 | 10.95 | 0.01 | 4.45 | - | - |
| INDUSTRIAL NANOTECH INC COM | INTK | 500 | 0.0005 | 0.25 | - | - | - | - | - | - |
| INFUSION BRANDS IN COM | INBI | 1,000 | NA | NA | 05/12/17 | 8.95 | 0.01 | (8.95) | - | - |
| INTEGRAL VISION INC COM | INVI | 10 | NA | NA | 12/04/20 | 0.01 | - | (0.01) | - | - |

page 15 of 30

# EXHIBIT  5

HPIL Holding

701 Ann Street, #564, Stroudsburg, PA 18360

TO: the Shareholders of Common Stock of HPIL Holding,, a Nevada corporation (the "Company"):

NOTICE IS HEREBY GIVEN that an annual meeting of common stockholders of the Company will be held on                  , 2023, at            o'clock __.m.,          eastern standard time at the Company's offices at 701 Ann Street, #564, Stroudsburg, PA 18360, for the following purpose: To elect a board of directors to serve until the next annual meeting of the shareholders.

All common stockholders are cordially invited to attend and participate.

Sincerely,

HARRY HAINING ZHANG, Custodian of HPIL Holding

# EXHIBIT   6

**ORDR**
Harry Haining Zhang
2544 Route 534
Albrightsville, Pa 18210
Tel: 917-723-0338; Email: hzmails@yahoo.com

## DISTRICT COURT
## CLARK COUNTY, NEVADA

In the Matter of HPIL HOLDING,    ) Case No.
 A Nevada Corporation       ) Dept.No.:
                          ) **ORDER GRANTING THE**
                          ) **APPLICATION FOR THE**
                         )**APPOINTMENT OF HARRY HAINING**
                         )**ZHANG AS CUSTODIAN OF HPIL**
                         )**HOLDING**
                         ) Pursuant to NRS 78.347 (1)(b)
-------------------------------------------------

     The COURT, having considered Petitioner, Harry Haining Zhang's  Application for Appointment of Custodian of HPIL Holding, a Nevada corporation, proper notice having been given to the officers and directors of HPIL Holding, pursuant to NRS.78.750 (2),  no opposition having been received, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  Pursuant to NRS 78.347, shareholder, Harry Haining Zhang, be, and is, hereby appointed as Custodian of HPIL Holding., a Nevada corporation ("HPIL").

2.  Harry Haining Zhang is authorized to take any actions on behalf of HPIL, pursuant to NRS 78.347, that are reasonable, prudent, or for the benefit of HPIL.

3.  Harry Haining Zhang is authorized to appoint new officers and directors for HPIL.

4.  Pursuant to NRS 78.347(3)(a), Harry Haining Zhang  shall comply with NRS 78.180 to reinstate HPIL and submit evidence of compliance with NRS 78.180 to this Court.

5.  Harry Haining Zhang shall provide reasonable notice to all shareholders of record of a shareholders' meeting (the "Meeting"), to be held within a reasonable time

after this Order is entered and Harry Haining Zhang shall submit evidence of compliance with this requirement to this Court.

6. The Meeting shall be an Annual Meeting, and Harry Haining Zhang is hereby designated by the Court as Chairman to conduct the Meeting and to appoint a person to make a record of the Meeting.

7. That such shares of HPIL are owned by stockholders of record and are represented at the stockholder meeting in person or by a valid proxy shall constitute a quorum to conduct an election of directors of HPIL and shall otherwise be entitled to participate in the stockholder meeting and to vote in the election.

8. The Transfer Agent for and the Resident Agent for HPIL shall, and all other third parties, including but not limited to attorneys and accountants for HPIL, are authorized to, promptly and upon demand therefore by Harry Haining Zhang , provide Harry Haining Zhang true, exact and complete copies of all records in their possession relating to HPIL including without limitation all shareholder lists, share transfer records, accounting or financial records, articles of incorporation, bylaws, and minutes of any prior board of directors or shareholder meetings or written consents to act by the board of directors or shareholders.

9. Harry Haining Zhang , as custodian of HPIL, shall submit a report to this Court of the actions taken at the Meeting.

10. Harry Haining Zhang  shall report to this Court every three (3) months concerning his activities as custodian of HPIL, the activities of board of directors of HPIL, and HPIL's progress, and such other information as deemed necessary by the Court.

11. Harry Haining Zhang  shall, pursuant to NRS 78.347(4), file an amendment to the Articles of Incorporation of HPIL with the Nevada Secretary of State containing the following disclosures and statements:

a. Disclosures of any previous criminal, administrative, civil or Financial Industry Regulatory Authority, or Securities and Exchange Commission investigations, violations, or convictions concerning Harry Haining Zhang or his affiliates.

b. A statement that reasonable, but ultimately unsuccessful, attempts were made to contact the officers or directors of HPIL to request that HPIL comply with corporate formalities and to continue its business.

c.  A statement that Harry Haining Zhang is, in fact, continuing the business of HPIL and attempting to further the interests of its shareholders.

d.   A statement indicating that Harry Haining Zhang will reinstate or maintain the corporate charter of HPIL.

e.   Any other information as may be required by regulations promulgated by the Nevada Secretary of State.

IT IS SO ORDERED this _ day of _____, 2023

DISTRICT COURT JUDGE