# Exhibit 23: Complaint, <u>Haining Zhang v. Integral Vision</u>, Inc., Oakland County 6th Cir. No. 2020-181306-CB

Case 1:23-cv-12050-TLL-PTM ECF No. 3-23, PageID.627 Filed 08/25/23 Page 2 of 7

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN
*In The*
**Sixth Judicial Circuit Court**

| | | |
|---|---|---|
| HAINING ZHANG, | ) | |
| | ) | |
| *Plaintiff,* | ) | COMPLAINT |
| | ) | |
| vs. | ) | CASE NO: 20-    -CB |
| | ) | 2020-181306-CB |
| INTEGRAL VISION, INC. | ) | |
| a Corporation, | ) | HON: JUDGE MARTHA D. ANDERSON |
| | ) | |
| *Defendant.* | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT and the
<u>APPOINTMENT OF A RECEIVER</u>**

There is no other pending or resolved civil action arising out of the transaction of occurrence alleged in the Complaint.

To: Said Honorable Court

Pursuant to MCR 2.605 Haining Zhang, Plaintiff *Pro Se*, files this complaint against Integral Vision, Inc. ("the Corporation" or "INVI") and asks this Court for a declaration that the Corporation is defunct and in need of a receiver to protect the best interests of its shareholders, which will obviate the need for litigation over corporate breaches of fiduciary duties and fraud. Plaintiff alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters as follows:

<u>Jurisdiction and Venue</u>

FILED   Received for Filing   Oakland County Clerk   5/19/2020 11:45 PM

1. The Court has jurisdiction over the parties and the subject matter of this controversy. Jurisdiction over this action is pursuant to MCL 600.601 *et seq* and this Court has authority to appoint a receiver pursuant to MCR 2.622.

2. At all times relevant to this action, the Corporation maintained its principal office in Oakland County, Michigan. Accordingly, venue is proper in County pursuant to MCL 600.1621(b).

### Nature of the Action

3. As further enumerated below, Plaintiff brings this action seeking declaratory judgment (pursuant to MCR 2.605) that OCLG is defunct and in need of a receiver to rehabilitate it (pursuant to §450.185 of the Michigan Business Corporation Act and MCR 2.622). The officers and directors of Defendant Corporation have abandoned it and its assets are being wasted, causing injury to the Corporation and its shareholders. This Court has jurisdiction to appoint a receiver who will manage the affairs of the Corporation with all the powers and duties this Court directs.

4. Plaintiff asks this Honorable Court to appoint Angela Collette as receiver of the Corporation to manage the business and affairs of the corporation, with full and exclusive power, duty, and authority to: marshal and safeguard any and all of its assets, to establish a claims period for the filing of any claims of creditors and any other duties the Court deems appropriate. Plaintiff nominates Angela Collette who is well-suited to handle this matter.

5. Angela Collette over 20 years of experience comprised of criminal matters, corporate matters, and the capability and corporate exposure necessary for carrying the out the tasks that will be required as a receiver.

### Parties

6. Defendant Integral Vision, Inc. has a principal place of business in Wixom, Michigan and a last known mailing address of:

> 2111 North Wixom Road
> Wixom, Michigan 48393

Plaintiff's Complaint

7.     Defendant Integral Vision, Inc. is a Michigan corporation, publicly traded under the ticker symbol "INVI".

8.     Plaintiff resides in East Stroudsburg, Pennsylvania.

9.     Plaintiff is a shareholder of Defendant Corporation.

### Facts

10.    On or about July 15, 2016 the Corporation's corporate charter became revoked in Michigan for its failure to file its annual list of officers and directors and pay its annual franchise tax; nothing has been filed with the Michigan Secretary of State since March of 2013 when the Corporation filed its annual report.

11.    The Corporation is and has been frequently delinquent in meeting its reporting obligations with the Securities & Exchange Commission ("SEC) under §13 or 15(d) of the Exchange Act.

12.    The Corporation has not met any of its filing obligations and has failed to comply with any and all statutory requirements.

13.    Plaintiff has made numerous attempts to contact the officers and directors of the Corporation and has demanded that the Corporation comply with statutory requirements and Defendant has failed to in any way respond.

14.    No one from this Corporation can be located, including officers, agents or representatives.

15.    Over-the-counter trading markets have no information about the current status or whereabouts of persons responsible for the management of the Corporation; OTC Markets has listed the Corporation as defunct and has included a caveat for any shareholders and investors.

16.    The current directors of the Corporation have abandoned the company in that they have failed to pay state fees, hold annual meetings, maintain an office and/or a telephone number.

17.    The Corporation has failed to bring its filings current with the Secretary of State in Michigan and has failed to hold annual meetings of stockholders.

18.    The Corporation has failed to provide "adequate current public information" as defined in Rule 144, promulgated under the Securities Act of 1933, since 2015 and is thus subject to revocation by the Securities and Exchange Commission pursuant to Section 12(k) of the Exchange Act.

19. The Corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets.

20. The Corporation has assets that are being misapplied or wasted causing a material injury to the Corporation and its shareholders.

21. The corporation is insolvent or in imminent danger of becoming insolvent. Plaintiff and the shareholders have an equity in the Corporation and without the appointment of a receiver to rehabilitate this corporation, their investment will be forever lost.

22. There is no other remedy available to the shareholders or creditors other than the appointment of a receiver.

23. Plaintiff is not aware of any previous applications having been filed in any court in any jurisdiction for a receivership for the Corporation.

24. The appointment of a receiver will remedy the allegations of Plaintiff and Angela Collette, an attorney, is a disinterested person; therefore, Plaintiff asks this Honorable Court to appoint Angela Collette as receiver of the corporation to manage the business and affairs of the corporation, with full and exclusive power, duty, and authority to: marshal and safeguard any and all of its assets, to establish a claims period for the filing of any claims of creditors and any other duties the Court deems appropriate. Plaintiff nominates Angela Collette who is well-suited to handle this matter.

25. Section 1851 of the Michigan Business Corporation Act provides that after a corporation's status is dissolved or revoked *in any manner*, a shareholder may apply for a judgment that the affairs of the corporation continue under supervision of the court. "The court shall make orders and judgments as may be required, including, but not limited to, continuance of the liquidation of the corporation's assets by its officers and directors under supervision of the court, *or the appointment of a receiver of the corporation to be vested with powers as the court designates*." (Emphasis added).

26. MCR 2.622 states that "Upon the motion of a party or on its own initiative, and for good cause shown, the court may appoint a receiver as provided by law."

27. Declaratory judgments are remedial and are to be liberally administered to provide access to the courts. *Nims v Grand Trunk Western R. Co.*, 326 Mich 371,375; 40 NW2d 188 (1949). The authority for a court to enter a declaratory judgment is governed by MCR 2.605 which provides in relevant part that: " In a case of actual controversy within its jurisdiction, a Michigan

Plaintiff's Complaint

court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

28. [Agents of] the Corporation made false representations, in press releases, Securities & Exchange Commission filings and various other corporate literature that the Corporation was viable and would implement its business plan.

29. The Corporation knew that the representations were false or made them with reckless disregard as to whether it was true.

30. The Corporation intended to induce Plaintiff, as well as others, to invest in the Corporation based on the knowingly false representations.

31. Plaintiff reasonably relied on the knowingly false representations.

32. Plaintiff suffered damage because he reasonably relied on the false representations made by the Defendant Corporation.

33. A declaratory judgment would obviate the need for Plaintiff or any other shareholder to file suit for fraud.

34. Further, officers and directors of the Corporation owed Plaintiff a fiduciary duty to maintain the trust and confidence he reposed in them when he purchased stock in the Corporation. But Defendant breached fiduciary duties to the plaintiff by failing to govern and abandoning the Corporation despite federal and state statutory requirements:

    a. by operating continually in violation of Michigan law and in violation of its Articles of Incorporation and Bylaws;

    b. by failure to maintain as permanent records the minutes of all meetings of Corporation's Board of Directors, and the records of all actions taken by Corporation's Board of Directors without a meeting; and

    c. by grossly mismanaging the finances: in failing to maintain proper financial controls; and failing to maintain complete and accurate financial records.

35. As a result of the defendants' actions, plaintiff has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income and loss of equity.

36. As a result of these defendants' actions, plaintiff has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Plaintiff's Complaint

37. The Corporation's gross mismanagement of finances has led to the continual wasting and misuse of assets, and has endangered the Corporation's public status. This mismanagement also has resulted in misleading stockholders.

38. Plaintiff seeks to redress the wrongs alleged herein, and this suit for equitable, compensatory, and punitive damages, is plaintiff's only means of securing adequate relief.

39. Litigation against the Corporation for fraud and against any officers for breach of fiduciary duties would be moot if this Court were to appoint a receiver of the Corporation and grant the receiver the authority to rehabilitate the Corporation.

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff prays this Honorable Court for declaratory judgment and relief in the best interests of the Corporation as follows:

A.  Declare the corporation defunct and in need of a receiver;

B.  Appoint Angela Collette receiver of the Corporation;

C.  Grant the receiver power and authority to exercise all of the powers of the Corporation, through or in place of its board of directors or officers to the extent necessary to manage the affairs of the Corporation in the best interests of its shareholders and creditors; and,

D.  Award Plaintiff costs for bringing this action; and,

E.  Any and all equitable relief as the Court deems just.

Respectfully submitted,

Haining Zhang
Plaintiff Pro Se
3330 Parker Lane
East Stroudsburg, PA 18301
(917)723-0338
hzmails@yahoo.com

Dated: May 19, 2020